Per Curiam.

Petitioner at the present time is confined in the penitentiary under both his sentence for rape in Belmont County and the sentences imposed under his later convictions in Summit County. In the present action, petitioner is attacking only the sentence imposed by the court in Belmont County. Basically, it is his contention that the Belmont County indictment was void on the ground that it merely stated he raped one Rosemary Davey, without stating that Rosemary Davey was a female person. However, in the present action, we do not reach the merits of petitioner’s contention.
An action in habeas corpus reaches only the validity of the present confinement. If a prisoner would not be entitled to an immediate release upon a successful determination of the action in his favor, habeas corpus does not lie. Errors which do not entitle him to release must be urged by appeal.
Thus, where one is in custody under sentences for multiple convictions for different crimes, any one of which, if valid, would warrant his present detention, errors relating to only one or less than all such convictions must be raised by appeal and not by habeas corpus.
So long as a person is lawfully in custody for any reason, habeas corpus is not available to test the validity of other convictions. Page v. Green, Supt., 174 Ohio St., 178.
In the present case, petitioner being confined under convictions for several different crimes and attacking the validity of only one of such convictions, it must be presumed he is lawfully in custody under his other sentences and is not entitled to relief by habeas corpus.

Petitioner remanded to custody.

Tart, O. J., Zimmerman, Matthias, O’Neill, Grieeith, Herbert and Gibson, JJ., concur.